[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE #146
On August 21, 2000, the court, Gordon, J., granted the defendants' motion to strike the entire complaint. On September 6, 2000, the pro se plaintiffs, Roy Sastrom and Victor L. Zigmund, filed this "substitute" pleading alleging violations of the Patients' Bill of Rights, General Statutes § 17a-540 et seq.[1] In its current incarnation, the complaint's three counts allege violations of General Statutes §§17a-541, 17a-542 and 17a-548, respectively. Named as defendants are Garrell S. Mullaney, Chief Executive Officer of Connecticut Valley Hospital, James Cassidy, Director of Whiting Forensic Division of Connecticut Valley Hospital (Whiting) and Denise Ribble, Assistant CT Page 14525 Director of Whiting. Each defendant is being sued in his or her official capacity and the relief sought is damages and injunctive relief pursuant to General Statutes § 17a-550. The plaintiffs also seek a declaratory judgment.
The plaintiffs allege the following facts. The plaintiffs are currently confined to Whiting because of their acquittals on the ground of mental disease or defect. The plaintiffs allege that they are prohibited from keeping their combs and toothbrushes in their possession because they are classified as sharps. The plaintiffs allege that because of the classification, these items are hung on a wall exposing them to contamination and disease. The plaintiffs further allege that when one of these items is unaccounted for that they are subjected to a search of their personal property and a visual body cavity search. The plaintiffs allege that on numerous occasions the staff conducted abusive, unjustified visual body cavity searches of the plaintiffs as well as searches of their personal property. The plaintiffs allege that the staff conducted a body cavity search of the plaintiffs for a missing piece of vinyl broken off a dining room table. The plaintiffs also allege that the agency police conduct the searches in a manner that is intimidating and causes emotional distress.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997). In ruling on a motion to strike the court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089
(1998).
The motion to strike is granted with respect to the entire complaint. The complaint at ¶ 6 states in pertinent part that "[e]ach defendant had the duty and opportunity to protect the [plaintiffs] from unlawful actions of the other defendants but each defendant failed and refused to perform such duty, thereby proximately causing the [plaintiffs'] injuries herein complained of." Paragraph 7 of the complaint states that [d]uring all times mentioned in this action the defendants acting in their . . . official capacities acted with willful, wanton and reckless conduct, concerning the violation of the [plaintiffs'] rights."
An action for a violation of § 17a-540 through § 17a-550 "does CT Page 14526 not sound in negligence." Pfadt v. Greater Bridgeport Community MentalHealth Center, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326263 (February 26, 1996, Levin, J.). In order to state a cause of action under § 17a-541 and § 17a-542, the allegations must "rise above negligence." Mahoney v. Lensink,213 Conn. 548, 572, 569 A.2d 518 (1990). "The mere use of the words `reckless' and wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 46, 492 A.2d 219 (1985). Reckless and wanton misconduct is "conduct [that] tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Citations omitted; internal quotation marks omitted.) Bhinder v. Sun Company, Inc., 246 Conn. 223, 243, 717 A.2d 202 (1998).
"Moreover, Whiting is a maximum security facility that renders treatment to persons with psychiatric disabilities who are considered dangerous to themselves or others. See General Statutes § 17a-561. Typically, the courts have granted broad discretion to health care professionals regarding the appropriate treatment plans for patients at facilities such as Whiting. See Mahoney v. Lensink, 213 Conn. 548,566-67, 569 A.2d 518 (1990)." Harris v. Curry, Superior Court, judicial district of Middlesex at Middletown, Docket No. 088929 (December 16, 1999, Rogers, J.). Construing the allegations in the complaint in the manner most favorable to the plaintiffs, the conclusory allegations fail to support that the defendants acted in a wanton, willful or reckless manner. Accordingly, the motion to strike the complaint is granted.
It is so ordered.
By the Court,
Arena, J.